# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 06-30205

CORUS UK LTD; CORUS AMERICA INC.,

Plaintiffs-Appellants,

v.

WATERMAN STEAMSHIP CO.; LCI SHIPHOLDINGS INC., in personam,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
2:04-CV-1553

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Corus UK LTD and Corus America Inc. ("Corus") filed suit against Defendants-Appellees Waterman Steamship Co. and LCI Shipholdings Inc. ("Waterman") under the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq. ("COGSA"), seeking recovery for damage to cargoes carried aboard one of Waterman's vessels from Rotterdam to New Orleans during the winter of 2004. After a bench trial, the district court entered judgment in favor of Waterman, finding that Waterman successfully proved that the damage to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corus's cargo was proximately caused by severe weather constituting "perils of the sea" within the meaning of the COGSA sea perils defense. 46 U.S.C. Appx. § 1304 (2)(c). Corus timely appealed.

Corus argues on appeal that Waterman failed to carry its burden of proving the sea peril defense and that the district court's finding to the contrary constituted reversible legal error. In admiralty cases tried by the district court without a jury, we review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard. Steel Coils, Inc. v. M/V Lake Marion, 331 F.3d 422, 426 (5th Cir. 2003).

Under COGSA, the carrier and the carrying vessel are not liable for any cargo damage or loss proximately caused by perils of the sea. For a storm to constitute a "peril of the sea" it must be "of an extraordinary nature or arising from irresistible force or overwhelming power which could not be guarded against by ordinary exertions of human skill and prudence." Id. at 435.

The district court, after a bench trial, and in a comprehensive oral opinion made the following findings: (1) the vessel was seaworthy and fit for the voyage; (2) the cargo was properly stowed and secured in accordance with Corus's instructions; (3) the captain of the vessel was not negligent, and demonstrated reasonable and prudent efforts to avoid the unforeseeable heavy weather; (4) the vessel experienced heavy damage from the weather encountered on the voyage; (5) the vessel experienced Beaufort 10 winds and seas on November 20 from 0600 until 2400; it experienced Beaufort 12 winds and sea conditions from 0000 to 0600 on November 21; the ship continued to experience Beaufort 10 and 12 winds and seas throughout the remainder of November 21; and (6) that the speed and severity of this particular storm was not foreseeable. The district court noted that its findings of the force of the wind and the height and violence of the sea rested on the credibility of the witnesses presented by the two parties. The district court credited the testimony of the vessel's captain, offered by

Waterman, over the testimony of Corus's weather expert. The district court found persuasive the captain's first hand knowledge of the weather conditions and his training in meteorology and weather observation. Further, the district court found the captain's testimony bolstered by the anemometer readings. The district court concluded that Waterman established that the severe weather encountered was the proximate cause of the damage to Corus's cargo, and therefore, Waterman was entitled to the peril of the sea defense.

This case was fully tried by the two parties, both having the benefit of sophisticated counsel, and both presenting witnesses to testify on their behalf. The lower court's ruling indicates that it conducted a comprehensive analysis of the evidence presented and demonstrates a thorough understanding of the peril of the sea defense. Our independent review of the record does not show that the district court erred in concluding that Waterman was entitled to the peril of the sea defense. To the contrary, the record supports the district court's findings of unusual high winds and seas, damage to the ship, Waterman's lack of negligence, and its conclusion that the cargo was damaged because of a peril of the sea. For these reasons, we AFFIRM.